Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| VANESSA LAGUNA RÍOS<br><br>Parte Apelada<br><br>v.<br><br>ANDRÉS MORFEE MERCADO<br><br>Parte Apelante | KLAN202500496 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2025CV00948<br><br>Sobre: Desahucio en Precario |

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Juez Lotti Rodríguez.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de junio de 2025.

Comparece ante *nos*, Andrés Morfee Mercado (apelante), por derecho propio y nos solicita que revisemos una *Sentencia* emitida el 9 de mayo de 2025 y notificada el 13 de mayo de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Carolina. Mediante dicho dictamen, el TPI declaró *Ha Lugar* la *Demanda* de desahucio que presentó Vanessa Laguna Ríos (apelada).

Por los fundamentos que expondremos a continuación, se *desestima* el recurso de *apelación* por falta de jurisdicción.

**I.**

El 27 de marzo de 2025, la parte apelada presentó una *Demanda* de desahucio en contra del aquí apelante. Luego de varios incidentes procesales, innecesarios pormenorizar, el 9 de mayo de 2025, el foro primario celebró el Juicio en su Fondo. Ese mismo día, el TPI emitió una *Sentencia*, notificada el 13 de mayo de 2025,

Número Identificador

SEN2025 _____

mediante la cual declaró *Ha Lugar* la *Demanda* de desahucio y ordenó el lanzamiento de la parte apelante en un término de veinte (20) días, a partir de que la *Sentencia* adviniera final y firme.

Así las cosas, el 30 de mayo de 2025, la parte apelante compareció ante *nos* mediante un recurso de *apelación* y alegó la comisión del siguiente error:

> **Erró el Tribunal porque no exigió la fianza de no residente en la orden**.

El 6 de junio de 2025, la parte apelada presentó un *Alegato en Solicitud de Desestimación por Falta de Jurisdicción*. En síntesis, planteó que la parte apelante no le notificó el recurso al TPI. Además, esbozó que la *Sentencia* fue dictada el 9 de mayo de 2025 y notificada el 13 de mayo de 2025, por lo que el recurso de *apelación* fue presentado de forma tardía. Así pues, sostuvo que este Tribunal no posee jurisdicción para atender el mismo.

## II.

### A. La jurisdicción

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *Municipio de Aguada v. W Construction, LLC*, 2024 TSPR 69, 213 DPR ____ (2024). Véase, además, *RB Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685 (2024); *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR*, *supra*; *Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu propio. MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364 (2018); *González v. Mayagüez Resort & Casino,* 176 DPR 848 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA,* 184 DPR 898 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado,* 172 DPR 216 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345 (2003); *Autoridad Sobre Hogares de P.R. v. Sagastivelza,* 71 DPR 436 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage v. Fossas Blanco et al., supra; González Santos v. Bourns P.R., Inc.,* 125 DPR 48 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675 (2011); *Vázquez v. A.R.P.E.,* 128 DPR 513 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el

caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018). Véase, además, *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et als. v. R.F. Mortgage,* 182 DPR 86 (2011). Véase, además, *S.L.G. Szendrey-Ramos v. F. Castillo, supra.* Así pues, de un tribunal dictar sentencia sin jurisdicción, su decreto será jurídicamente inexistente o *ultra vires. Municipio de Aguada v. W Construction, LLC, supra* citando a *Maldonado v. Junta Planificación,* 171 DPR 46 (2007).

De conformidad con lo anterior, se entiende que un recurso prematuro es aquel presentado en la Secretaría de un tribunal apelativo antes de que éste tenga jurisdicción. *Hernández v. Marxuach Const. Co.,* 142 DPR 492 (1997). Consecuentemente, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357 (2001). Por tanto, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación, no ha habido autoridad judicial o administrativa para acogerlo.

Así pues, los tribunales no tenemos discreción para asumir jurisdicción donde no la hay. *Torres Alvarado v. Madera Atiles, supra; Martínez v. Junta de Planificación,* 109 DPR 839 (1980). Así, reiteramos que la falta de jurisdicción no puede ser subsanada, ni podemos arrogarnos la jurisdicción que no tenemos. *Maldonado v. Junta de Planificación, supra.* Incluso, aunque la parte no lo planteen, estamos obligados a velar por nuestra jurisdicción. *Lagares v. E.L.A.,* 144 DPR 601 (1997). Por tanto, un recurso prematuro nos impide entrar en sus méritos puesto que, en tales circunstancias, carecemos de jurisdicción. *Juliá et al. v. Epifanio Vidal, S.E., supra.*

De conformidad con lo anterior, la Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.

Así, también, es norma reiterada que el perfeccionamiento adecuado de los recursos ante este Tribunal debe observarse rigurosamente. *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011); *García Ramis v. Serrallés*, 171 DPR 250 (2007).

## B. Desahucio

El Código de Enjuiciamiento Civil dispone las normas sobre la acción de desahucio y establece el procedimiento sumario a seguir en su trámite judicial. Asimismo, regula el término para apelar, así como el modo de efectuar la apelación de una sentencia condenatoria de desahucio y de eventual lanzamiento de la propiedad. El objetivo principal en este tipo de acción es "recuperar la posesión de hecho de una propiedad, mediante el lanzamiento o expulsión del arrendatario o precarista que la detenta sin pagar canon o merced alguna." *Fernández & Hno. v. Pérez*, 79 DPR 244 (1956).

Cónsono con esto, el Artículo 629 del Código de Enjuiciamiento Civil (32 LPRA sec. 2831), establece que: "[l]as apelaciones deberán interponerse en el término de cinco (5) días, contados desde la fecha de archivo en autos de la notificación de la sentencia, por las partes perjudicadas por la misma o sus abogados."

Asimismo, el Artículo 630 del Código de Enjuiciamiento Civil (32 LPRA sec. 2832), establece, como requisito para apelar una sentencia en la que se ordena el desahucio, el otorgamiento de una fianza. Específicamente, el mencionado artículo establece que:

> No se admitirá al demandado el recurso de apelación si no otorga fianza, por el monto que sea fijado por el tribunal, para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de apelación; pudiendo el demandado, cuando el desahucio se funde en falta de pago de las cantidades convenidas, a su elección, otorgar dicha fianza o consignar en Secretaría el importe del precio de la deuda hasta la fecha de la sentencia.

Así, el requisito que obliga a un apelante a prestar fianza en apelación es jurisdiccional en todo tipo de pleito de desahucio, aun si no se fundare en falta de pago. *Crespo Quiñones v. Santiago Velázquez*, 176 DPR 408 (2009). Esto, pues el propósito de exigir el pago de una fianza no es, únicamente, garantizar el pago adeudado, sino también los daños resultantes de mantener congelado el libre uso de la propiedad mientras se dilucida la apelación. *Íd.*, pág. 413.

**III.**

Luego de un análisis meticuloso del expediente ante *nos*, hemos encontrado que el recurso de *apelación* es tardío. *Veamos*.

Según el derecho que antecede, la parte perjudicada por una sentencia de desahucio debe interponer su recurso de apelación en el término de cinco (5) días contados desde la fecha de archivo en autos de la notificación de la sentencia. Artículo 629 del Código de Enjuiciamiento Civil, *supra*.

Conforme a la normativa antes expuesta, la parte apelante contaba con un término de cinco (5) días desde el archivo en autos de la notificación de la sentencia, para recurrir ante este Tribunal mediante un recurso de apelación y prestar la fianza requerida por el Artículo 630 del Código de Enjuiciamiento Civil, *supra*.

En el caso ante *nos*, la *Sentencia* fue dictada el 9 de mayo de 2025 y notificada el 13 de mayo de 2025. En esta, el foro primario impuso una fianza en apelación de $3,000.00. Inconforme, el 30 de mayo de 2025, el apelante compareció ante *nos* mediante un recurso de *apelación* y sostuvo que el TPI cometió un error. El 6 de

junio de 2025, la parte apelada solicitó la desestimación de la *apelación* por falta de jurisdicción.

Conforme lo anterior, es a partir del 13 de mayo de 2025, que el apelante contaba con cinco (5) días para apelar la determinación. Sin embargo, la parte apelante presentó su recurso el 30 de mayo de 2025; por lo cual, el mismo es tardío y carecemos de jurisdicción para atender el recurso presentado. Además, es importante destacar que la parte apelante no prestó la fianza en apelación de $3,000.00, a pesar de que lo establecía la *Sentencia* apelada y de ser un requisito jurisdiccional. Por lo tanto, ante tal incumplimiento, carecemos de jurisdicción y estamos imposibilitados de atender el recurso en sus méritos. Reiteramos que la falta de jurisdicción no puede ser subsanada, ni podemos arrogarnos la jurisdicción que no tenemos. *Maldonado v. Junta de Planificación, supra.*

**IV.**

Por los fundamentos antes expuestos, *desestimamos* el recurso de *apelación* por falta de jurisdicción por tardío.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones